**WESTERN COTTONOIL COMPANY,**
Appellant,

v.

**Bessie ALEXANDER, Appellee.**

No. 3130.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1955.

Rehearing Denied Feb. 4, 1955.

McMahon, Springer, Smart & Walter, Abilene, Fulbright, Crooker, Freeman & Bates, Houston, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

LONG, Justice.

Bessie Alexander sued Western Cotton-oil Company for damages caused by odors from soap stock stored by the company in an earthen pit on its premises. Upon a trial, the jury found that the storing of the soap stock in the earthen pit constituted a nuisance to Bessie Alexander's enjoyment of her property and awarded her damages in the amount of $500. The trial court entered judgment in accordance with the verdict. From this judgment the company has appealed.

Appellant predicates this appeal on one point. Appellee offered in evidence a jar containing soap stock from the earthen pit belonging to appellant.

Appellant contends the court erred in admitting the jar and the substance contained therein for the following reasons:

"(a) There was no showing that there had been no substantial change in the soap stock in the jar since its removal from the pit approximately six months prior to the time of trial, and further

"(b) There was no showing that the soap stock in the jar was a fair sample of the soap stock in the pit at the time the soap stock in the jar was taken from the pit.

"(c) There was no showing that the soap stock in the jar was a fair sample of the soap stock in the pit during the entire period of time complained of by appellee."

We find no error in this point. There is no showing that the jury tested the smell from the substance in the jar or that the jar was ever handed to the jury for examination. Appellee based her case upon damages done to her home by reason of the obnoxious smell coming from the pit on the premises of appellant. There is evidence that the smell from the contents of the jar was the same as the smell from the pit about which complaint is here made. The witness Patterson testified that he obtained the soap stock from the pit about six months before the date of the trial; that the jar had a cap on it which had been closed and had been in his possession at all times. Even if it should be conceded plaintiff should have introduced evidence that there had been no substantial change in the contents of the jar, we are of the opinion that under the circumstances no injury is shown to defendant by reason of its admission in evidence.

The judgment is affirmed.